UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-203-SEB-DKL -01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| AARON COX | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cr-00203-SEB-DKL |
| ) | |
| AARON COX, ) | -01 |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Aaron Cox has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 55, 60. Mr. Cox seeks immediate release from incarceration. Dkt. 60. For the reasons explained below, his motions are **DENIED**.

### I.   Background

On July 27, 2017, Mr. Cox pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Dkts. 41, 42. The Court sentenced Mr. Cox to 180 months of imprisonment, followed by 5 years of supervised release. *Id.*

Mr. Cox is 55 years old. He is currently incarcerated at USP Terre Haute in Terre Haute, Indiana. As of February 5, 2021, the Bureau of Prisons ("BOP") reports that 34 inmates and 2 staff members at USP Terre Haute have active cases of COVID-19; it also reports that 692 inmates at USP Terre Haute have recovered from COVID-19 and that 2 inmates at USP Terre Haute have died from the virus. https://www.bop.gov/coronavirus/ (last visited Feb. 8, 2021).

Mr. Cox was arrested on August 25, 2016 and has remained in custody since that time. Dkts. 10, 11, 35. The BOP gives his projected release date with good time credit as January 21, 2029.

On August 21, 2020, Mr. Cox filed a pro se motion for compassionate release and requested appointment of counsel. Dkt. 55. The Court granted his request and appointed counsel. Dkt. 56. Appointed counsel filed an amended motion for compassionate release and supporting memorandum, dkts. 60, 61, the United States responded, dkt. 63, and Mr. Cox submitted a pro se update letter, dkt. 64. Thus, the motion is now ripe for decision.

## II. Discussion

Mr. Cox seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 61. Specifically, he contends that his underlying medical conditions (sleep apnea, high blood pressure, dental and vision problems, obesity, and chronic kidney disease), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the United States argues that Mr. Cox remains a danger to the community if released and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 63.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative

3

remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

---

[1] The United States concedes that Mr. Cox has exhausted his administrative remedies. Dkt. 63 at 11.

4

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by

prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Cox does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[2]

Mr. Cox claims that extraordinary and compelling reasons warrant a sentence reduction in this case because he has various conditions (including obesity and chronic kidney disease) that

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180–81, the Court has considered the rationale provided by Mr. Cox's warden in denying Mr. Cox's administrative request for relief. Mr. Cox's warden appears not to have considered the possibility that Mr. Cox could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsection (A). *See* dkt. 61-5. Thus, the warden's decision provides little guidance to the Court's analysis.

increase his risk of experiencing severe COVID-19 symptoms. Dkt. 61. The United States concedes that in light of Mr. Cox's diagnosis of chronic kidney disease, he has shown extraordinary and compelling reasons potentially warranting a sentence reduction based on his risk of experiencing severe COVID-19 symptoms. Dkt. 63 at 21. Therefore, the Court will assume without deciding that Mr. Cox's risk of severe COVID-19 symptoms is an extraordinary and compelling reason that could warrant a sentence reduction.

This assumption does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Cox's compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Cox's motion.

Here, Mr. Cox suffers from at least one medical condition that increases his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html (last visited Feb. 8, 2021) (identifying chronic kidney disease as a condition that increases the risk of severe COVID-19 symptoms). While USP Terre Haute experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited on Feb. 8, 2021) (showing that 692 inmates had recovered from the virus). The BOP has also actively begun vaccinating inmates against COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Feb. 8, 2021). As of February 5, 2021, 346 inmates and 209 staff members at USP Terre Haute have received both doses of the COVID-19 vaccine. *Id.* That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Cox faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

As previously stated, on July 27, 2017, Mr. Cox pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Dkts. 41, 42. According to the factual stipulation in his plea agreement, on or about April 11, 2016, an employee at a Kentucky Fried Chicken called police because an individual, later determined to be Mr. Cox, was loitering outside the restaurant and appeared to be "casing" the restaurant with the ultimate intent of conducting a robbery. Dkt. 30. The caller believed that the individual was the same perpetrator of an armed robbery of a nearby Popeye's restaurant that transpired a couple of days prior. Police responded and a brief chase ensued, during which the officer followed Mr. Cox as he attempted to evade further interaction with the marked police car, which caused the officer to give chase across several streets. As Mr. Cox rode his bicycle into a driveway, the officer saw Mr. Cox begin reaching into his back right pants pocket. When the officer finally apprehended Mr. Cox and conducted a search of his person incident to his arrest, officers located a .38 caliber Smith &

8

Wesson Ladysmith handgun in Mr. Cox's back right pants pocket, where he had been reaching during the chase. Mr. Cox also stipulated that prior to April 11, 2016, he had been convicted of a crime that was punishable by a term of imprisonment of more than one year. Dkt. 30. The Court sentenced Mr. Cox to 180 months of imprisonment, followed by 5 years of supervised release. *Id.*

Mr. Cox was arrested on August 25, 2016 and has remained in custody since that time.[3] Dkts. 10, 11, 35. The BOP gives his projected release date with good credit time as January 21, 2029. Taking into consideration good time credit, Mr. Cox has now served approximately 37% of his sentence. During his imprisonment, it does not appear that Mr. Cox has had any disciplinary infractions. Mr. Cox completed a drug education program, as well as continuing education classes in plumbing, carpentry and electrical trade. Dkt. 61-7. All of these factors weigh in his favor under the Court's § 3553(a) analysis.

Weighing against him, Mr. Cox has an extensive criminal history that began in 1984 at the age of 19 with a felony conviction for receiving/possessing/selling a stolen vehicle. Dkt. 39. Mr. Cox has approximately 10 prior felonies on his record, including: (1) carrying a handgun without a license on or about October 27, 2009; (2) possession of cocaine or schedule I, II drug on or about November 25, 2006; (3) armed robbery, on or about December 4, 2002; (4) manufacturing/distribution of a look-alike controlled substance, on or about March 21, 1997; (5) distribution of a controlled substance, on or about August 1, 1993 and August 19, 1993; and (6) robbery and aggravated battery, on or about January 29, 1988. Dkt. 30. For several of these convictions, Mr. Cox violated his probation/parole and was taken back into custody to serve

---

[3] While he was arrested by federal authorities in August 2016, he was held in state custody beginning on the date of the offense in April 2016. Dkt. 39. When calculating his sentence, it appears the BOP gave Mr. Cox jail credit from April 2016 until his sentencing in July 2017. Dkt. 63-10.

9

additional time. Dkt. 39. Further weighing against him, the BOP rated him a medium risk for recidivism and assigned him a high security classification. Dkt. 63-9.

In light of Mr. Cox's lengthy criminal history and his repeated return to a life of crime many times over, even after serving several significant terms of imprisonment, the Court finds that releasing him early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. Certainly, the Court is sympathetic to the risks prisoners with underlying conditions such as Mr. Cox face from COVID-19, but it cannot find that those risks warrant releasing him from incarceration at this time. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III. Conclusion

For the reasons stated above, Mr. Cox's motions for compassionate release, dkts. [55, 60], are **denied**.

**IT IS SO ORDERED.**

Date: 2/10/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel