UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-00203-SEB-DKL-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| AARON COX | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00203-SEB-DKL |
| | ) | |
| AARON COX, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Aaron Cox has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 82. In addition, Mr. Cox has asked the Court for the appointment of counsel. *Id.* at 1. For the reasons explained below, his motion is **DENIED**.

### I.    Background

In July 2017, Mr. Cox plead guilty to possession of a firearm by a convicted felon. Dkt. 42 at 1. In April 2016, law enforcement officers responded to a call on a loitering person in Indianapolis, Indiana. Dkt. 30 at 7. An officer arrived and encountered Mr. Cox who the officer believed to be a suspect in a robbery two days prior. *Id.* at 8. Mr. Cox attempted to flee from the officer on a bicycle, but the officer caught up to and detained him. *Id.* The officer searched Mr. Cox and located a handgun in Mr. Cox's back pocket. *Id.* At the time, Mr. Cox had multiple prior felony convictions. *Id.* at 9.

Mr. Cox faced a guidelines range of 188 to 235 months of imprisonment. Dkt. 35 at 19. The Court sentenced him to 180 months of imprisonment to be followed by 5 years of supervised release. Dkt. 42 at 2–3. The Bureau of Prisons ("BOP") lists Mr. Cox's anticipated release date

(with good-conduct time included) as January 22, 2028. https://www.bop.gov/inmateloc/ (last visited November 20, 2023).

Mr. Cox has filed motion for compassionate release pro se. Dkt. 82. Mr. Cox argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he suffers from multiple medical conditions that render him in poor health, and (2) he is needed at home to care for his elderly mother who also suffers from several serious medical conditions. Dkt. 82 at 1. In his motion, Mr. Cox has also requested the appointment of counsel. *Id.* The Court has concluded that it can resolve the motion without a response from the United States.

## II. Discussion

### A. Request for Counsel

Mr. Cox has requested the appointment of counsel to represent him in this matter. Dkt. 82 at 1. There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Mr. Cox's request for the appointment of the federal public defender's office is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court also finds that Mr. Cox is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving

3

to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Cox has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. For these reasons, Mr. Cox has not shown that pro bono counsel should be recruited and his request for assistance with recruiting counsel must therefore be denied.

### B.  Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See*

4

U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Defendant's motion, as appropriate.

Mr. Cox argues that his health conditions establish extraordinary and compelling circumstances warranting his release. Mr. Cox states that he is suffering from stage 3 kidney disease, high blood pressure, obesity, and a cough, and that he requires a CPAP while sleeping. Dkt. 82 at 1. It does not appear from the record, however, that his conditions are life-threatening or debilitating, that he is unable to provide self-care, or that he is incapacitated. Accordingly, the Court declines to exercise its discretion to find that Mr. Cox has carried his burden to show that his health issues are an extraordinary and compelling reason to grant release, whether considered alone or together with any other reason.

Mr. Cox next argues that he has established extraordinary and compelling reasons for his release because he would like to be at home helping to care for his mother who suffers from stage 4 chronic kidney disease, congestive heart failure, pulmonary hypertension, rheumatoid arthritis, depression, and has a knee replacement history. Dkt. 82 at 1, 82-1 at 1. He states that she needs assistance attending appointments and caring for herself and that no one else is available to care for her. *Id.* However, there is no evidence contained in the record showing that Mr. Cox's mother is incapacitated. Further, Mr. Cox has presented no evidence demonstrating he is the only family member available to provide care for his mother. According to the pre-sentence investigation report, Mr. Cox has children living in Chicago, and he and his mother moved to Indianapolis in order to be closer to extended family. Dkt. 39 at 16. Mr. Cox has provided no evidence regarding why these family members are unable to provide care for his mother. As such, the Court declines to exercise its discretion to find that Mr. Cox has met his burden to establish that care for his

5

mother is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

Even if the Court were to assume that Mr. Cox had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Cox is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Weighing in his favor, he has engaged in programming and has an no disciplinary violations against him while incarcerated. Dkt. 82 at 1. He also will be employed if he were released. *Id.* at 2. Weighing against him, Mr. Cox committed a serious crime and has an extensive criminal history with eleven prior felony convictions including a conviction for armed robbery. Dkt. 39 at 6–12. Further, Mr. Cox is not scheduled to be released from prison until January 2028; thus, releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Cox early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### III. Conclusion

For the reasons stated above, Mr. Cox's motion for compassionate release and his request for the appointment of counsel, dkt. [82] are **denied**.

**IT IS SO ORDERED.**

Date: _____12/8/2023_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Aaron Cox
Register Number: 05960-028
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808